UNITED STATES' DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CASE NUMBER:

CHUKWUMA E. AZUBUKO
Plaintiff

V.

BRUCE R. HENRY - IN INDIVIDUAL & OFFICIAL CAPACITIES and

JOSLIN HAM MURPHY – IN INDIVIDUAL & OFFICIAL CAPACITIES
Defendants

COMPLAINT

INTRODUCTION

The Plaintiff commenced proceedings at the Middlesex Superior Court with a Complaint dated 11/27/2017. After unlawful pre-filing delays, it was approved for filing. Tracking order was issued without Summons. The case was scheduled to be disposed of on 04/12/2021; service of process should have been served and returned on 07/10/2018. Surprisingly, the first Defendant originated a dismissal order on 04/12/2018. [**C.f. App. 1**] Those represent *judicial* and *representation/al estoppels*, indeed! The Plaintiff submitted a Rule 60(b)(4) under Rule 9A accordingly timely. [**App. 2 omitted**] The Defendant opposed it tepidly or strangely – evasion of particularization on the *ratio-decidendi* for the dismissal! [**App. 3**] The first Defendant denied it without a hearing on 05/04/2018 perfunctorily in stark violation of "The Requirement for Due Process Clause" on 05/04/2018. [**C.f. App. 4**] That is not in keeping with the Massachusetts' and the United States' Judicial Codes of Conduct. Evidently, the first Defendant deemed it judicious to condemn the Plaintiff to flagrant injury and error of law or blatant

miscarriage of justice devoid of an iota of moral qualm or gleefully. Such overt judicial discrimination and negligence associates with legal's consequences.

More, the bases of the dismissal originally made no legal sense taking everything into consideration. It will be advisable to noting that the first Defendant had been running amok with the law against the Plaintiff. On July 29th, 2013 he issued a pre-filing order against the Plaintiff without pre- and post- deprivation hearing in compliance with the First Circuit and Ninth Circuit stipulations on the matter in question. [**App. 5**] About 2013, he had engaged on the dismissal of the Plaintiff's cases at the Essex Superior Court in stark violation of the law or in stark violations of the Plaintiff's Civil Rights Act of 1961. Sadly, the first Defendant has been under the impression that that he will preside over others unprofessional acts and his will not be litigated against and adjudicated in the self-same manners he adjudicated over the ones of others. Glory, the exists neither quasi nor absolute judicial immunity on acting "*out of all jurisdiction*" or *ultra vires*. It behooves any reasonable person to ensuring that "Justice will be done and be seen to be done," at all material times and no matter whose ox will be gored. The second Defendant is included for aiding and abetting injustice. Central to her oath office, she should not be an incubator for injustice in/directly despite the practical benefits to her.

**PARTIES**

The Plaintiff resides in the Suffolk County – Massachusetts. His contact address will be as stated below. The first Defendant is a judge at the Massachusetts' Middlesex Superior Court. His address for the official capacity basis will be: Massachusetts' Attorney General, Government Bureau/Trial Division, One Ashburton Place, Boston – MA 02108. On individual capacity, it will be: Middlesex Superior Court, 200 Trade Center, 2nd floor, Woburn – MA 01801. On the

second Defendant, her contact address for individual and official capacities will be: Town Counsel, 333 Washington Street, 6th Floor, Brookline – MA 04₂2445.

## JURISDICTION

That exists on constitutional, statutory and procedural bases. Some will be cited, indeed! [Mass. Const. Arts. 6, 10, 10, 12 and 15; G.L.c. 12 Secs. 11H-11J; G.L.c. 93 Secs. 10 and 102; G.L.c. 151B; G.L.c. 258 Secs. 1-10; Mass. R. Civ. P. 4(d)(1)(3)(4)(5)(6); **28 U.S.C. Sec. 1361** and 2680(h); 42 U.S.C. Sec. 1981-86; ...]

## VENUE

That exists indisputably! [28 U.S.C. Sec. 1391]

## BASES OF COMPLAINT

01) That the first Defendant's actions exposed the Plaintiff to blatant miscarriage of justice.

02) That the first Defendant's actions qualify for "out of all jurisdiction" and deprived him quasi and absolute judicial immunity.

03) That amongst the first Defendant's bases for his Order of Dismissal was venue and it existed vividly thus G.L.c. 223 Sec. 1 as precedented in the case of *Stephen Bolton v. James Kratz*, 54 Mass. App. Ct. 193 (2002).

04) That amongst the bases for the first Defendant Order of Dismissal was statute of limitations; he knew not that "Statute of limitations bars no jurisdiction" and precedented in the cases of *Ortega-Rodriguez v. United States*, 507 U.S. 234 (1993), *Willie Evans, executor v. Lorillard Tobacco Company*, 465 Mass. 411 (2013) *et cetera*.

05) That the first Defendant's actions qualify for lack of jurisprudential skill.

06) That the first Defendant's denial of the Plaintiff's Rule 60(b)(4) motion without a grain of reason typifies judicial discrimination and crass disrespect to the Plaintiff's Civil Rights.

07) That the first Defendant's actions lent themselves to intentional and negligent infliction of emotional distress as precedented in the case of ***Board of Regents of Univ. of State of NY v. Tomania***, 446 US 478 (1980).

08) That the second Defendant was included in the proceedings for violation of the Plaintiff's Civil Right thus "**Action for neglect to prevent**" – 42 U.S.C. Sec. 1986 in keeping with her oath of office – defending, protecting and upholding the law of the land.

09) That the Defendants' actions qualify for deliberate indifference, unusual cruelty and constructive or covert condemnation of the Plaintiff to slavery in stark violation of the 13th Amendment [to the United States' Constitution]

10) That the Defendants were knowingly blind at the provision of the 14th Amendment Sec. 1.

11) That the first Defendant's crass professional negligence qualifies for anticipatory breach of social contract – calculated denial of Equal Protection as a Massachusetts' official.

**PLAINTIFF DEMANDS FOR TRIAL BY JURY**

[I]t is in keeping with the law, indeed! [Mass. Const. Art. 15 and Seventh Amendment]

**RELIEF SOUGHT**

Presently, they are two:

01) Total revocation of the first Defendant's order restricting the Plaintiff's unfettered access to the Middlesex Superior Court and

02) That any unfairly dismissed case of the Plaintiff the first Defendant presided over either at the Essex or Middlesex Superior Superior Courts in the past ten-year should be vacated and he should recuse himself from it or them voluntarily.

## COMPENSATORY AND PUNITIED DAMAGES

For the first Defendant, it will be $60m on individual capacity and $30m on official capacity.

On the second Defendant, it will be $10m on individual capacity and $15m on official capacity.

Cost and interest will be excluded.

_____
CHUKWUMA E. AZUBUKO
*Pro Se*
P O Box 171121
Boston – MA 02117
Telephone: (857) 417 2044

**Dated: Friday – May 11th - 2018**

COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX**, ss.                                       **SUPERIOR COURT**
                                                        **C.A. NO. 18 81 CV 01034**

CHUKWUMA AZUBUKO

vs.

TOWN OF BROOKLINE (TRANSPORTATION DIVISION)

<u>**ORDER OF DISMISSAL**</u>

This is a civil action in which the plaintiff apparently seeks millions of dollars in compensatory and punitive damages. The plaintiff represents himself and has filed an affidavit of indigency seeking a waiver of filing fees and of the fees or costs for serving the summons and complaint. While I will waive the filing fee for this matter, I deny the request for waiver of other fees and costs and dismiss the complaint for failure to plead sufficiently a cause of action under the standards set in *Iannacchino v. Ford Motor Company*, 451 Mass. 623 (2008).

The complaint fails to comply with the requirements of Mass.R.Civ.P. 8(a) in that it does not contain a short, plain statement of the claim showing that he is entitled to relief. The complaint fails to comply with the requirements of Mass.R.Civ.P. 8(e) in that each averment is not simple, concise, and direct. In addition, the complaint fails to comply with the pleading requirements of *Iannacchino v. Ford Motor Company*, 451 Mass. 623 (2008) in that it does not assert factual allegations plausibly suggesting an entitlement to relief. The complaint fails to set forth in an understandable fashion the causes of action which the plaintiff is seeking to bring or the factual bases for those causes of action. In addition, venue in Middlesex County is not appropriate, given the assertions of the parties' addresses. Furthermore, on the face of the complaint the statute of limitations expired long ago on claims related to a 2000 denial of a medallion.

While this Court does not normally review civil complaints at the time of their filing for the sufficiency of the causes of action pled therein, the volume of the litigation brought by this plaintiff in this county and in others and the nature and the viability of the claims asserted in these matters call for close scrutiny of the complaints filed by this plaintiff. The plaintiff has been ordered in this county and in others to submit new complaints for scrutiny by the Court before they are accepted for filing. The plaintiff is not precluded from filing any lawsuit which is properly pled and which is



App-1

warranted by the facts; however, potential defendants and the Court should not have to endure litigation which is abusive, which is non-compliant with the Rules of Civil Procedure, or which fails to plausibly set forth a cause of action showing that he is entitled to the relief he seeks.

## **ORDER**

For the foregoing reasons, the complaint of the plaintiff is DISMISSED.

Dated: April 12, 2018

Bruce R. Henry
Associate Justice

App. 1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                           SUPERIOR COURT DEPARMENT
                                                         C.A. No. 1881CV01034

|  |  |
|---|---|
| CHUKWUMA E. AZUBUKO,<br>*Plaintiff*<br><br>v.<br><br>TOWN OF BROOKLINE,<br>(Transportation Division)<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

THE DEFENDANT, TOWN OF BROOKLINE (TRANSPORTATION DIVISION'S)
OPPOSITION TO THE PLAINTIFF'S MOTION FOR RELIEF FROM
JUDGEMENT OR ORDER OF DISMISSAL

Now comes the Defendant, Town of Brookline in this matter, and opposes the Plaintiff's for the reasons that are set forth in the attached Order of Dismissal.

Respectfully Submitted,

*[signature]*

Joslin H. Murphy
(BBO# #553471)
Office of Town Counsel
333 Washington Street
Brookline, MA  02445
(617) 730-2190

App. 3

## Certificate of Service

    I, Joslin H. Murphy, attorney for the Defendant Town of Brookline, hereby certify that on this 27th day of April, 2018, I caused two copies of the foregoing Opposition to be served upon the Plaintiff in accordance with Mass.R.Sup.Ct. 9A by first class mail to his address of record:

Mr. Chukwuma E. Azubuko, P.O. Box 171121, Boston, MA 02117.

                                              By: _____
                                                    Joslin Murphy

App - 3

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                               SUPERIOR COURT
                                             C.A. NO. 18 81 CV 01034

### CHUKWUMA AZUBUKO

vs.

### TOWN OF BROOKLINE (TRANSPORTATION DIVISION)

### ORDER OF DISMISSAL

This is a civil action in which the plaintiff apparently seeks millions of dollars in compensatory and punitive damages. The plaintiff represents himself and has filed an affidavit of indigency seeking a waiver of filing fees and of the fees or costs for serving the summons and complaint. While I will waive the filing fee for this matter, I deny the request for waiver of other fees and costs and dismiss the complaint for failure to plead sufficiently a cause of action under the standards set in *Iannacchino v. Ford Motor Company*, 451 Mass. 623 (2008).

The complaint fails to comply with the requirements of Mass.R.Civ.P. 8(a) in that it does not contain a short, plain statement of the claim showing that he is entitled to relief. The complaint fails to comply with the requirements of Mass.R.Civ.P. 8(e) in that each averment is not simple, concise, and direct. In addition, the complaint fails to comply with the pleading requirements of *Iannacchino v. Ford Motor Company*, 451 Mass. 623 (2008) in that it does not assert factual allegations plausibly suggesting an entitlement to relief. The complaint fails to set forth in an understandable fashion the causes of action which the plaintiff is seeking to bring or the factual bases for those causes of action. In addition, venue in Middlesex County is not appropriate, given the assertions of the parties' addresses. Furthermore, on the face of the complaint the statute of limitations expired long ago on claims related to a 2000 denial of a medallion.

While this Court does not normally review civil complaints at the time of their filing for the sufficiency of the causes of action pled therein, the volume of the litigation brought by this plaintiff in this county and in others and the nature and the viability of the claims asserted in these matters call for close scrutiny of the complaints filed by this plaintiff. The plaintiff has been ordered in this county and in others to submit new complaints for scrutiny by the Court before they are accepted for filing. The plaintiff is not precluded from filing any lawsuit which is properly pled and which is

warranted by the facts; however, potential defendants and the Court should not have to endure litigation which is abusive, which is non-compliant with the Rules of Civil Procedure, or which fails to plausibly set forth a cause of action showing that he is entitled to the relief he seeks.

## ORDER

For the foregoing reasons, the complaint of the plaintiff is DISMISSED.

Dated: April 12, 2018

Bruce R. Henry
Associate Justice

2

APP- 3

| CLERK'S NOTICE | DOCKET NUMBER<br>1881CV01034 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| **CASE NAME:**<br>Chukwuma E Azubuko vs. Town Of Brookline(Transportation Division) | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO:<br>Town Of Brookline(Transportation Division)<br>333 washington St.<br>6th Floor<br>Office of Town Counsel<br>Brookline, MA 02445 | | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

You are hereby notified that on 04/12/2018 the following entry was made on the above referenced docket:

ORDER: OF DISMISSAL: (which see 2 pages) ORDER: For the foregoing reasons, the complaint of the plaintiff is DISMISSED. (Bruce R. Henry, J.) Dated 4/12/18

Judge: Henry, Hon. Bruce R

APP. 3

| DATE ISSUED<br>04/12/2018 | ASSOCIATE JUSTICE/ ASSISTANT CLERK<br>Hon. Bruce R Henry | SESSION PHONE#<br>(781)939-2745 |
|---|---|---|

Date/Time Printed: 04-12-2018 11:39:22    SCV016_X\\ 08/2014

| **CLERK'S NOTICE** | DOCKET NUMBER<br><br>1881CV01034 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>Chukwuma E Azubuko vs. Town Of Brookline(Transportation Division) | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|
| TO:<br>Chukwuma E Azubuko<br>P.O. Box 171121<br>Boston, MA 02117 | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

You are hereby notified that on 05/04/2018 the following entry was made on the above referenced docket:

Endorsement on Motion for Relief from Judgment or Order MRCP 60(b)(4) (#6.0): DENIED
Dated 5/4/18

Judge: Henry, Hon. Bruce R

APP· 8 4

| DATE ISSUED<br>05/04/2018 | ASSOCIATE JUSTICE/ ASSISTANT CLERK<br>**Hon. Bruce R Henry** | SESSION PHONE#<br>(781)939-2745 |
|---|---|---|

Date/Time Printed: 05-04-2018 14:53:12                                           SCV016_X1\ 08/2014

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                           SUPERIOR COURT

### ORDER

### RE: CHUKWUMA AZUBUKO

Given Mr. Azubuko's history of filing frivolous and/or repetitious litigation here and in other counties within the Commonwealth I issue this order restricting his filing of future matters in this Court. Mr. Azubuko may not file any new civil action or complaint or claim in Middlesex Superior Court without the prior written approval of the Regional Administrative Justice for Civil Business or his/her designee. Before filing any new civil action or complaint or claim or the like, Mr. Azubuko must file a petition seeking leave of Court for such a filing. The petition must include a copy of this ORDER together with a copy of the document(s) sought to be filed. The documents shall be accepted by the clerk, date-stamped, and forwarded to the Regional Administrative Justice (or designee) who will approve or disapprove the petition in writing. A copy of this order is to be kept in the Clerk's Office and will be distributed to each of the civil session clerks here in Woburn.

Dated: July 29, 2013

_____
Bruce R. Henry
Associate Justice

APP- 5

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the  DISTRICT of MASS.

Chukwuma E Azubuko
*Plaintiff(s)*

v.  Civil Action No.

Bruce R. Henny & another
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Bruce R. Henny — In Ind. & Off. Capacities
c/o Mass. Attorney General
Government Bureau/ Trial Division
One Ashburton Place
Boston — MA 02108

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Chukwuma E. Azubuko
Pro Se
P O Box 171121
Boston - MA 02108

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____     _____
                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the DIST. OF MASS.

Chukwuma E. Azubuko
*Plaintiff(s)*

v.   Civil Action No.

Joslin Hann Murphy
*Defendant(s)*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Joslin Hann Murphy
Town Counsel's Office
333 Washington Street — 6th floor
Brookline — MA 02445

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Chukwuma E. Azubuko
Pro Se
P O Box 171129
Boston — MA 02117

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

JS 44 (Rev. 06/17)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Azubuko, Chukwuma E.

**DEFENDANTS**
Henry, Bruce R.

(b) County of Residence of First Listed Plaintiff: Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Middlesex
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Chukwunwe E. Azubuko, P.O. Box 171421, Boston, MA 02117

Attorneys *(If Known)*
Mass. Atty. General Gov. Bureau / Trial Div., One Ashburton Place, Boston, MA 02108

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2680(h) or 42 U.S.C. Sec. 1983
Brief description of cause: Conspirator's failure to consummate its responsibility, action for failure to prevent etc.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 60m
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: N/A
DOCKET NUMBER: N/A

DATE: 06/06/2018
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____